UNITED STATES DISTIRCT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Robert Munro Dye, | ) | C/A No. 0:22-cv-2026-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Order Adopting Report** |
| | ) | **And Recommendation** |
| R.J. Reynolds Tobacco Company, Inc., and | ) | |
| Phillip Morris USA, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for review of the December 22, 2022, Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) ("Report"). [ECF No. 43.] In the Report, the magistrate judge recommends granting Defendant R.J. Reynolds Tobacco Company, Inc.'s ("Defendant") motion to dismiss. [ECF No. 18.] Attached to the Report was a Notice of Right to File Objections, which informed the parties "[s]pecific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation." [ECF No. 43 at 8.] Objections were due by January 5, 2023. Plaintiff filed his Objection on February 8, 2023, and Defendant responded on February 22, 2023. [ECF Nos. 49 and 54, respectively.] For the reasons stated below, the court adopts the Report as a whole.

## FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth in detail the relevant facts and standards of law. [ECF No. 43 at 1-2.] This court incorporates those facts and standards without a recitation.[1]

---

[1] Plaintiff did not specifically object to the magistrate judge's recitation of the factual background or legal standards.

In his complaint, Plaintiff asserts nine causes of action against Defendant based on Defendant allegedly misleading Plaintiff as to the harms of smoking: (1) fraud; (2) fraudulent misrepresentation; (3) "in the inducement"; (4) negligent failure to warn; (5) battery; (6) negligence and gross negligence; (7) "fear of contracting cancer"; (8) "civil conspiracy to commit fraud and concealment"; and (9) "radio, television, and wire communication fraud." [ECF No. 1 at 28-42; ECF No. 43 at 2.] The magistrate judge recommends this court grant Defendant's Motion to Dismiss pursuant to Rule 12(b)(6), FRCP, on the grounds Plaintiff's causes of action are preempted by the Public Health Cigarette Smoking Act of 1969, barred by the statute of limitations, or Plaintiff has failed to state a claim upon which relief can be granted. [ECF No. 43 at 3-7.]

In his Objection, Plaintiff asks the court for "permission to leave for file an Amended Complaint" (sic). [ECF No. 49 at 1.] Plaintiff also filed two motions to amend or correct his complaint at the same time as his Objection. [ECF Nos. 50, 51.] Defendant filed a single Response opposing Defendant's requests to amend his complaint. [ECF No. 54.] The magistrate judge issued an Order denying Plaintiff's motions to amend or correct his complaint without prejudice and giving him fourteen days to refile a motion with a proposed amended complaint. [ECF No. 57.] As of the date of this Order, Plaintiff has not renewed his motion or submitted a proposed amended complaint.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, need only review de novo

the specific portions of the magistrate judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Without specific objections to portions of the Report, this court need not explain adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 2017 WL 6345402, at *5 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the magistrate judge's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 U.S. Dist. LEXIS 15489, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond v. Colonial Life Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The court has thoroughly reviewed Plaintiff's Objection, ECF No. 49, and finds Plaintiff has failed to raise specific objections to the Report. Rather than addressing the grounds for dismissal, Plaintiff simply requests leave to file an amended complaint. *Id.* at 1. Plaintiff's request

was reiterated in two other filings, ECF Nos. 50 and 51, both of which were denied by the magistrate judge. [ECF No. 57.] Because Plaintiff has failed to raise a specific objection, the court reviews the Report for clear error.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 43, and incorporates the Report by reference. Accordingly, Defendant's motion to dismiss, ECF No. 18, is **GRANTED**, and the case is **DISMISSED WITHOUT PREJUDICE** as to Defendant R. J. Reynolds Tobacco Company, Inc.

**IT IS SO ORDERED**.

April 13, 2023
Columbia, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge