IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Robert Munro Dye, a/k/a "Robert", | C/A No.: 0:22-cv-2026-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| Phillip Morris USA, Inc., | |
| Defendant. | |

      This matter is before the court for review of the July 7, 2023, Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 72.] In the Report and Recommendation ("the Report"), the magistrate judge recommends dismissing this action with prejudice for lack of prosecution and for failure to comply with a court order. *Id.* at 2. Attached to the Report was a notice advising the parties of the procedures and requirements for filing objections to the Report. *Id.* at 3.

      As noted in the Report, the court has sent multiple orders to Plaintiff that have come back as undeliverable by the United State Postal Service. *See id.* at 1. Plaintiff was specifically instructed when he filed this action that he must notify the court in writing if his mailing address changed. *See id.* (quoting ECF No. 5 at 2). He has not done so, nor "has he filed any documents in this case []or contacted the Clerk of Court in any way." *Id.* Because Plaintiff has failed to

prosecute his case and has failed to comply with a court order, the magistrate judge recommends dismissal with prejudice.[1] *Id.* at 2.

The magistrate judge issued the Report recommending dismissal in July 2023; however, again it appears Plaintiff did not receive the Report, as it was returned to the court as undeliverable. [*See* ECF Nos. 72, 74.]

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

As set forth above, the court has attempted to advise Petitioner that his case is subject to dismissal, but he has not provided the court with his current address. Plaintiff has failed to prosecute this case. After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 72, and incorporates the Report by reference herein. Accordingly, this action is **DISMISSED** with

---

[1] It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b).

prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and for failure to comply with a court order. Also, consistent with the magistrate judge's recommendation, all pending motions are terminated as **MOOT**.

**IT IS SO ORDERED.**

September 26, 2023  Sherri A. Lydon
Columbia, South Carolina  United States District Judge